ALLIED MORTGAGE COMPANIES, INC., ET AL. *v.*
BENJAMIN KOLKER

WALTER K. BACHRACH *v.* SAME

BENJAMIN KOLKER, ETC. *v.* ALLIED MORTGAGE
COMPANIES, INC., ET AL.

[Nos. 3, 4, 17 October Term, 1941.]

*Decided December 3, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Samuel J. Fisher,* with whom was *H. H. Walker Lewis* on the brief, for the Allied Mortgage Companies, Inc., and *Walter K. Bachrach,* appellants in No. 3 and 4 appellees in No. 17.

*Louis M. Silberstein* and *William Saxon,* with whom were *Emanuel Gorfine* and *Joseph A. Berkow* on the brief for appellee in Nos. 3 and 4 and the appellant in No. 17.

*Ridgely Simpson,* for State Building and Loan Association, appellee in No. 17.

SLOAN, J., delivered the opinion of the Court.

November 3, 1925, the Mortgage Realty Company gave a mortgage to the Sun Mortgage Company, for $8,000

payable two years after date. One, Israel Silberstein, 'joined in the mortgage "to become bound on the personal covenants and indebtedness, but has no interest in the property." On the same day, November 3, 1925, Silberstein entered into an agreement with the Sun Mortgage Company and with the State Building and Loan Association whereby Silberstein agreed to and did deposit with the State Association the sum of $2,000 "to assure the repayment of the loan of Eight Thousand Dollars and accrued interest thereon." December 19, 1925, the Mortgage Realty Company, with the consent of the Sun Mortgage Company, sold and assigned the mortgaged property, which was a leasehold, No. 538 North Arlington Avenue, Baltimore City, to one, Walter K. Bachrach. Bachrach, by an agreement dated December 17, 1925, not under seal, agreed with the Sun Mortgage Company "to become liable with the mortgagors or any other parties already liable to the party of the second part (Sun) for the repayment of the unpaid principal of the loan, interest and expenses, due and payable under the provisions of the aforesaid mortgage," and agreed to any renewals or extensions of payment on the request of any one interested in the mortgage or property. July 9, 1926, the Sun Mortgage Company assigned the mortgage to the Union Trust Company, Trustee, which held it until October 28, 1935, when it assigned it to the Allied Mortgage Companies, Inc.

August 16, 1927, Silberstein assigned the hypothecated sum of $2,000 to Abraham Alter and Benjamin Kolker, partners trading as Maryland Lumber Company, of which Kolker is now sole owner, to whom the dividends of six per cent per annum on the hypothecated sum were paid to February 13, 1935.

On August 26, 1937, foreclosure proceedings were instituted by the Allied Companies, Inc., and the property sold. According to the auditor's report, ratified December 6, 1937, there was a deficit on the mortgage of $4,346.23. On December 11, 1937, as charged by the appellee, without notice to or consent by him, the State Building and

Loan Association paid out of the hypothecated funds the sum of $2,247.20.

On April 25, 1940, Allied Companies, Inc., executed a release to Bachrach of all its claims against him on account of the mortgage, and entered the foreclosure proceedings to his use.

The bill of complaint prayed: (a) That the assignment to the use of Bachrach in the foreclosure proceedings be stricken out; (b) that a money judgment in favor of the plaintiff for $4,346.23 be decreed against Walter K. Bachrach; and (c) that a money judgment for $2,382.02 be decreed against the Allied Mortgage Companies, Inc., and the State Building and Loan Association.

On the same day the mortgage for $8,000 was executed, November 3, 1925, the Mortgage Realty Company and Israel Silberstein gave a second Mortgage to the State Building and Loan Association for $4,030. At the same time Silberstein entered into an agreement with the State Association whereby he deposited with it as collateral security for the second mortgage the sum of $1,500. August 16, 1927, Silberstein assigned the second mortgage collateral so deposited to the Maryland Lumber Company to which the State has since paid six per cent dividends and $841.92, leaving a balance of $658.08, out of which $501.40 was applied to the second mortgage, and the balance, $158.68, paid to the Maryland Lumber Company, December 15, 1937, and the second mortgage released April 25, 1940. With the consent of the court, the plaintiff filed a "supplementary bill of complaint," praying that the release of the second mortgage be stricken out, and the State Building and Loan Association directed to execute an assignment of the mortgage to the plaintiff.

The decree appealed from directed the Allied Mortgage Companies, Inc., and Walter J. Bachrach to pay to Benjamin Kolker the sum of $2,247.20 with interest from the date of the decree, dismissed the supplementary bill of complaint, and dismissed the entire proceedings as to the State Building and Loan Association.

The plaintiff's first contention is that when the Allied Companies, Inc., bought the mortgage held by the Sun Mortgage Company, it did not buy and was not entitled to the collateral deposit made by Silverstein; that the latter's agreement and deposit was personal to him and the Sun Mortgage Company. In the first place the plaintiff did not demand the sum deposited until he filed his bill of complaint in this case, and drew the dividends thereon, in accordance with the agreement, for twelve years. In so doing the plaintiff recognized the right of the State Building Association to hold the deposit pending the payment or foreclosure of the mortgage. By its terms the collateral agreement of Silberstein provided for the deposit of "Two Thousand Dollars in cash as additional security to assure the repayment of the loan of Eight Thousand Dollars and accrued interest thereon." But aside from these considerations, the rule is that the assignment of a debt carries with it the right of the assignee to the collateral, and this whether he knew it or not. *Bigelow on Bills, Notes and Checks*, 3d Ed., 10, 11, sec. 19; *Jones, Collateral Securities*, 3d Ed. 499, sec. 418. The case of *Maryland Ice Company v. Arctic Ice Machine Mfg. Co.*, 79 Md. 103, 29 A. 69, cited by the plaintiff, has no application to the facts of this case.

It is stipulated that the sale of the mortgaged property, under the first mortgage, was made September 22, 1937, and that the auditor's report of the proceeds of sale was ratified December 6, 1937? Subsequently on April 20, 1940, by order of the Allied Companies, Inc., the proceedings, although the case had been closed over two years before, were entered to the use of Bachrach. Later on July 30, 1940, Bachrach re-entered the proceedings to the use of Allied, Inc., so that, so far as it concerned or affected these two parties, the status was exactly what it was on the ratification of the auditor's report, except that on April 25, 1940, the Allied released and discharged Bachrach from liability on account of the first mortgage.

The plaintiff contends that as a result of the release of April 25, 1940, he is subrogated to the rights of the Allied

against Bachrach, or that he is entitled to a decree against Allied for the amount of the collateral deposit because the release to Bachrach has shut off his right of subrogation against Bachrach. The release of Bachrach was in consideration of the payment by him to the Allied of $1,500, but the plaintiff refused to waive any of his rights or to participate in the settlement. The record shows that the Allied recognized the plaintiff's rights. Bachrach also wanted to be certain that when he settled with Allied, he would be protected, and the Allied gave him a bond with a responsible corporate surety to protect him against "any party interested in the pledge or hypothecation agreement described above between Israel Silberstein, the Sun Mortgage Company and State Building and Loan Association may have against Bachrach."

This is not a case wherein the creditor has made itself liable because it has deprived the surety of his right of subrogation, as nothing it has done has impaired the rights of the surety, plaintiff, against Bachrach. The day the auditor's report was ratified is the time when the Allied's right to the collateral deposit matured, and that is the day, from which it was entitled, as assignee of the sun mortgage, to demand the balance of the deficiency from Bachrach, and is the time from which the plaintiff had the right as subrogee of the mortgagee, to demand reimbursement for his deposit from Bachrach, under his agreement with the Sun Mortgage Company. Any agreement made between the mortgagee and mortgagor after the deficiency on the mortgage was ascertained and matured could not impair his claim against the mortgagor's assignee, Bachrach.

The appellants contend that Bachrach's agreement with the Sun Mortgage Company when he took title to the mortgaged property, not being under seal, has expired by limitations.

The period of limitations in this case, the contract not being under seal, is three years, and "as soon as the cause of action accrues, whether it be a trust or not, if it be a fit subject for a suit at law as well as in equity, the statute of limitations begins to run." *Washington, B.*

& A. Electric R. Co. v. Moss, 130 Md. 198, 204, 100 A. 86, 89; Hodgson v. Burroughs, 175 Md. 413, 428, 2 A. 2d 407; 37 C. J. 850; Code 1939, Art. 57, sec. 1. Bachrach's agreement with the Sun Mortgage Company was executed December 17, 1925, and it was not until December 6, 1937, when the deficiency was ascertained and the auditor's report ratified, that the Allied could demand the deposit of Silberstein from the State Building and Loan Association, or the plaintiff could begin any action or proceeding against Bachrach for the refund of his deposit, and December 6, 1937, is the time from which limitations began to run against the plaintiff. The bill in this case was filed July 6, 1940, two years and seven months to the day from the ratification of the auditor's report. In our opinion, the lower court was right in granting a money decree against the appellant, Bachrach, but wrong in decreeing against the Allied Mortgage Companies, Inc.

We find no merit in the supplementary bill of complaint. Bachrach was not involved in the second mortgage, and did not guarantee its payment. Silberstein, who assigned to the plaintiff, Kolker, had deposited with the State Building and Loan Association $1,500 as collateral security for the payment of this mortgage. When the first mortgage was foreclosed, the balance due and owing on the second mortgage was $501.40, which was retained out of a balance of the collateral then on hand for $658.08, as it plainly had a right to do.

For the reasons assigned, the decree appealed from will be reversed as to the Allied Mortgage Companies, Inc., and as to all others affirmed.

> *Decree in No. 3 reversed as to Allied Mortgage Companies, Inc.*
>
> *Decree in No. 4 affirmed.*
>
> *Decree in No. 17 affirmed.*
>
> *One-half the costs to be paid by Bachrach, and one-half by the plaintiff, appellant in No. 17.*